02-11-004-CV












 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00004-CV

 

 


 
 
 N&J
 Enterprises, LLC
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Kerry Owens and James Handy
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

 

FROM THE 231st District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Appellant
N&J Enterprises, LLC attempts to appeal from the
trial court’s order dated October 25, 2010, in Ha T.N.
Frasier v. Robert L. Frasier, No. 231-374356-04, in which the trial court
denied N&J Enterprises’s
motion to release escrow funds; ordered the release of $25,000 “under file
number 2041000030” to Appellee Kerry Owens, a receiver; ordered Owens to pay
$5,000 to Appellee James Handy, another receiver; and ordered Owens to
distribute the remaining $20,000 “in accordance with the prior orders of this
court.”

On
January 11, 2011, we notified N&J Enterprises
that this court was concerned that the order N&J
Enterprises was attempting to appeal did not appear to be a final judgment or
an appealable interlocutory order and also that there was no indication that
the case had been reinstated after its abatement due to bankruptcy.[2]  See Tex. R. App. P.
8.3.  We informed N&J Enterprises that its
appeal was subject to dismissal for want of jurisdiction unless, by January 21,
2011, it filed a response showing grounds for continuing the appeal and a
notice of bankruptcy, a motion conforming to rule of appellate procedure 8.3,
or a copy of the trial court’s order reinstating the case.

N&J
Enterprises filed a motion to reinstate and attached a certified copy of the
federal court’s January 4, 2010 order dismissing the bankruptcy case, but it
did not address our concern that the trial court’s October 25, 2010 order was
not a final judgment or an appealable interlocutory order.  See, e.g., Art Inst. of Chicago v. Integral Hedging, L.P.,
129 S.W.3d 564, 570–73 (Tex. App.—Dallas 2003, no
pet.) (noting an exception to the one final
judgment rule for discrete orders in receivership but observing that partial
advances against a final fee award during a pending receivership are not
subject to appeal under the exception).  Compare Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1)
(Vernon 2008) (stating that a person may appeal from an interlocutory order
that appoints a receiver), with Lehman v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001) (“[T]he
general rule, with a few mostly statutory exceptions, is that an appeal may be
taken only from a final judgment.”).  Accordingly, we dismiss this appeal
for want of jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).

 

 

PER CURIAM

 

PANEL: 
MCCOY, MEIER, and GABRIEL, JJ.

 

DELIVERED:  March 10,
2011

 

 














[1]See
Tex. R. App. P. 47.4.





[2]This
court was notified that a suggestion of bankruptcy had been filed in this case
on September 16, 2009, and that the trial court had ordered the case abated on
February 22, 2010.